ECSTEIN et al. v. POPPER.

(Supreme Court, Appellate Term. December 16, 1908.)

INNKEEPERS (§ 12*)—ACTION FOR BOARD AND LODGING—BREACH OF CONTRACT BY INNKEEPER.

> Where defendant negotiating for board and lodging was told by plaintiff that his hotel contained sanitary plumbing, which, in fact, had not yet been installed, and defendant contracted for accommodations for the season on that representation, and departed after eight days upon discovering that the accommodations were not as represented, plaintiff could recover only for the amount due when defendant left.
>
> [Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 41; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Ecstein and another against Edward Popper. Judgment for plaintiffs, and defendant appeals. Modified and affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Harry Levor, for appellant.
Wentworth, Lowenstein & Stern, for respondents.

GIEGERICH, J. The action is to recover the value of board and lodging furnished and for breach of contract in failing to remain for the season as agreed upon.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is undisputed that the plumbing, the absence of which was the chief source of complaint on the part of the defendant, was not installed by the plaintiffs in their hotel until several weeks after the arrival of the defendant's family and after their departure. The circular sent to the defendant at the time he was negotiating for accommodations stated, among other things, that the hotel contained sanitary plumbing. It was in reliance upon this reputation that the defendant engaged the room and board. There were special reasons why the absence of plumbing and toilet accommodations was important, due to the state of health of the defendant's wife. When it was found that the accommodations were not as represented, the defendant's family left, tendering the amount due for the time they had remained.

The judgment should be reduced to the sum of $30.05, which was tendered by the defendant's family as just stated, but refused by the plaintiffs, such amount being made up of the items of $28.55 for eight days' board at $25 per week and $1.50 express charges on trunks. No costs either of the trial or of this appeal should be allowed the plaintiffs.

Judgment modified by reducing it to $30.05, and, as modified, affirmed, without costs. All concur.